UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIC ELTON,

        Plaintiff,

vs.

NASH, *et al.*,

        Defendants.

2:12-cv-2108-GMN-NJK

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1).

**I. Application to Proceed *In Forma Pauperis***

Based on the information regarding plaintiff's financial status within the *in forma pauperis* application, the Court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. §1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II. Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

1       Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,
2 because they are no more than mere conclusions, are not entitled to the assumption of truth."
3 *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of
4 a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded
5 factual allegations, a court should assume their veracity and then determine whether they plausibly
6 give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim
7 for relief [is] a context-specific task that requires the reviewing court to draw on its judicial
8 experience and common sense." *Id*.

9       Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if
10 the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on
11 legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or
12 claims of infringement of a legal interest which clearly does not exist), as well as claims based on
13 fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.
14 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15 **III. Screening of the Complaint**

16       Plaintiff brings action against Warden Neven and caseworker Nash, both of High Desert
17 State Prison. In Counts I and II of the complaint, plaintiff alleges that on June 6, 2012, he was
18 reclassified as a protective custody inmate and was housed in the administrative segregation unit.
19 Plaintiff alleges that defendant Nash told him that she would try to have him transferred to another
20 prison for his protective custody needs. Plaintiff complains that it has been over six months and he
21 has not been transferred to another prison. Plaintiff alleges that, because he is in administrative
22 segregation, he is not allowed to have a job or participate in vocational programs, and therefore he
23 cannot earn good time credits. Plaintiff asserts that not transferring him to another prison and not
24 allowing him to participate in vocational programs to earn good time credits constitutes cruel and
25 unusual punishment in violation of the Eighth Amendment. (Complaint, at pp. 4-5).
26       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id*.; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Idleness or the lack of vocational and rehabilitative programs does not violate the Eighth Amendment. *Hoptowit v. Ray,* 682 F.2d at 1254-55. Prisoners have no constitutional right to participate in vocational and rehabilitation programs. *See Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). Moreover, there is no constitutional right for a prisoner to earn good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Finally, prisoners have no constitutional right to be transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curium). Plaintiff fails to state a claim of cruel and unusual punishment based on not being transferred to another prison, not participating in vocational programs, and not earning good time credits. Because amendment of the complaint would be futile, the complaint is dismissed with prejudice.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **GRANTED**. The Clerk of Court **SHALL FILE** the complaint. Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the

1  Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits
2  to the account of **ERIC ELTON, #86942** (in months that the account exceeds $10.00) until the full
3  $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the
4  attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,**
5  P.O. Box 7011, Carson City, NV 89702.

6      **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise
7  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the
8  Prisoner Litigation Reform Act of 1996.

9      **IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for
10  failure to state a claim, as amendment would be futile.

11      **IT IS FURTHER ORDERED** that this court **CERTIFIES** that any *in forma pauperis*
12  appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

13      **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.
14  Dated this 21st day of May, 2013.

                      Gloria M. Navarro
                      United States District Judge